1  RACHEL KREVANS (CA SBN 116421)
   RKrevans@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California  94105-2482
   Telephone: 415.268.7000
4  Facsimile: 415.268.7522

5  RUDY Y. KIM (CA SBN 199426)
   RudyKim@mofo.com
6  MORRISON & FOERSTER LLP
   755 Page Mill Road
7  Palo Alto, California  94304-1018
   Telephone: 650.813.5600
8  Facsimile: 650.494.0792

9  VINAY JOSHI (CA SBN 213487)
   vjoshi@thepatentattorneys.com
10 Turocy & Watson, LLP
   560 S. Winchester Blvd # 500
11 San Jose, California  95128-2500
   Telephone: 408.893.1512
12 Facsimile: 216. 696.8731

13 Attorneys for Defendant
   INVENSENSE, INC.
14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                      SAN FRANCISCO DIVISION

18 | STMICROELECTRONICS, INC., | Case No. CV 12-02475-JSW |

19 |          Plaintiff, | **INVENSENSE, INC.'S ANSWER,** |

20 |     v. | **AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO** |

21 | INVENSENSE, INC., | **COMPLAINT FOR PATENT INFRINGEMENT** |

22 |          Defendant. | **JURY TRIAL DEMANDED** |

23

24        Defendant InvenSense, Inc. ("InvenSense") responds to the numbered paragraphs of the

25 Complaint for Patent Infringement filed by Plaintiff STMicroelectronics, Inc. ("STI") as follows:

26

27

28

**INTRODUCTION**

1.     InvenSense admits that this action purports to be a patent infringement action brought by STI against InvenSense and that copies of U.S. Patent Nos. 6,504,253, 6,846,690, 6,405,592, 6,546,799, 6,928,872, 7,450,332, 7,409,291, 5,874,850, or 5,986,861 are attached to the Complaint.  InvenSense denies the remaining allegations of paragraph 1.

**PARTIES**

2.     InvenSense lacks sufficient information or knowledge either to admit or deny the allegations in paragraph 2, and on that basis denies the allegations of paragraph 2.

3.     InvenSense admits the allegations of paragraph 3.

**JURISDICTION AND VENUE**

4.     InvenSense admits the allegations of paragraph 4.

5.     InvenSense does not contest, for purposes of this action, that this Court has personal jurisdiction over InvenSense.  InvenSense denies the remaining allegations of paragraph 5.

6.     InvenSense admits the allegations of paragraph 6.

**INTRADISTRICT ASSIGNMENT**

7.     InvenSense admits that this action purports to be an Intellectual Property Action within the meaning of Civil Local Rule 3-2(c).

**BACKGROUND**

8.     InvenSense lacks sufficient information or knowledge either to admit or deny the allegations in paragraph 8, and on that basis denies the allegations of paragraph 8.

9.     InvenSense lacks sufficient information or knowledge either to admit or deny the allegations in paragraph 9, and on that basis denies the allegations of paragraph 9.

10.     InvenSense lacks sufficient information or knowledge either to admit or deny the allegations in paragraph 10, and on that basis denies the allegations of paragraph 10.

11.     InvenSense lacks sufficient information or knowledge either to admit or deny the allegations in paragraph 11, and on that basis denies the allegations of paragraph 11.

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

2

1          12.      InvenSense lacks sufficient information or knowledge either to admit or deny the

2  allegations in paragraph 12, and on that basis denies the allegations of paragraph 12.

3          13.      InvenSense admits that a copy of U.S. Patent No. 6,504,253, entitled "Structure

4  For Electrically Connecting a First Body of Semiconductor Material Overlaid by a Second Body

5  of Semiconductor Material Composite Structure Using Electric Connection Structure," is attached

6  as Exhibit A to the Complaint.  InvenSense admits that the copy of the '253 patent states that it

7  was issued on January 7, 2003.  InvenSense denies the remaining allegations of paragraph 13.

8          14.      InvenSense admits that a copy of U.S. Patent No. 6,846,690, entitled "Integrated

9  Circuit Comprising an Auxiliary Component, for Example a Passive Component or a

10  Microelectromechanical System, Placed Above an Electronic Chip, and the Corresponding

11  Fabrication Process," is attached as Exhibit B to the Complaint.  InvenSense admits that the copy

12  of the '690 patent states that it was issued on January 25, 2005.  InvenSense denies the remaining

13  allegations of paragraph 14.

14          15.      InvenSense admits that a copy of U.S. Patent No. 6,405,592, entitled

15  "Hermetically-Sealed Sensor with a Movable Microstructure," is attached as Exhibit C to the

16  Complaint.  InvenSense admits that the copy of the '592 patent states that it was issued on

17  June 18, 2002.  InvenSense denies the remaining allegations of paragraph 15.

18          16.      InvenSense admits that a copy of U.S. Patent No. 6,546,799, entitled "Method for

19  Compensating the Position Offset of a Capacitive Inertial Sensor, and Capacitive Inertial Sensor,"

20  is attached as Exhibit D to the Complaint.  InvenSense admits that the copy of the '799 patent

21  states that it was issued on April 15, 2003.  InvenSense denies the remaining allegations of

22  paragraph 16.

23          17.      InvenSense admits that a copy of U.S. Patent No. 6,928,872, entitled "Integrated

24  Gyroscope of Semiconductor Material with at Least One Sensitive Axis in the Sensor Plane," is

25  attached as Exhibit E to the Complaint.  InvenSense admits that the copy of the '872 patent states

26  that it was issued on August 16, 2005.  InvenSense denies the remaining allegations of

27  paragraph 17.

28

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

3

18.     InvenSense admits that a copy of U.S. Patent No. 7,450,332, entitled "Free-Fall Detection Device and Free-Fall Protection System for a Portable Electronic Apparatus," is attached as Exhibit F to the Complaint.  InvenSense admits that the copy of the '332 patent states that it was issued on November 11, 2008.  InvenSense denies the remaining allegations of paragraph 18.

19.     InvenSense admits that a copy of U.S. Patent No. 7,409,291, entitled "Device for Automatic Detection of States of Motion and Rest, and Portable Electronic Apparatus Incorporating It," is attached as Exhibit G to the Complaint.  InvenSense admits that the copy of the '291 patent states that it was issued on August 5, 2008.  InvenSense denies the remaining allegations of paragraph 19.

20.     InvenSense admits that a copy of U.S. Patent No. 5,874,850, entitled "MOS Voltage Elevator of the Charge Pump Type," is attached as Exhibit H to the Complaint. InvenSense admits that the copy of the '850 patent states that it was issued on February 23, 1999. InvenSense denies the remaining allegations of paragraph 20.

21.     InvenSense admits that a copy of U.S. Patent No. 5,986,861, entitled "CLAMP" is attached as Exhibit I to the Complaint.  InvenSense admits that the copy of the '861 patent states that it was issued on November 16, 1999.  InvenSense denies the remaining allegations of paragraph 21.

22.     InvenSense admits the allegations in paragraph 22.

23.     InvenSense admits that it sells MEMS products, including MotionProcessing Units, Inertial Measurement Units, Digital Gyroscopes, and Analog Gyroscopes.  InvenSense denies the remaining allegations of paragraph 23.

24.     InvenSense admits that it sells MEMS products.  InvenSense denies the remaining allegations of paragraph 24.

25.     InvenSense admits that the quoted language appears on its website.  InvenSense lacks sufficient information or knowledge either to admit or deny the remaining allegations in paragraph 25, and on that basis denies the remaining allegations of paragraph 25.

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

4

26.     InvenSense admits that at least some engineering work is done in its offices in Sunnyvale, California.  InvenSense denies the remaining allegations of paragraph 26.

27.     InvenSense admits that it stated in its Registration Statement that its "ITG/IMU/MPU-3000 family of products started high volume shipments for the portable gaming, digital television and set-top box remote control, smartphone and tablet markets."  InvenSense admits that the following quoted language appeared in a press release: "it is shipping in volume the MPU-6050 product to handset and tablet OEMs and ODMs."  InvenSense denies the remaining allegations of paragraph 27.

28.     InvenSense denies the allegations of paragraph 28.

29.     InvenSense admits that the quoted language appears on its Registration Statement. InvenSense denies the remaining allegations of paragraph 29.

30.     InvenSense admits that it has engaged in discussions with STI previously regarding some of the STI patents.  InvenSense denies the remaining allegations of paragraph 30.

31.     InvenSense denies the allegations of paragraph 31.

32.     InvenSense denies the allegations of paragraph 32.

### COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 6,504,253

33.     InvenSense refers to and incorporates its responses to the allegations of paragraphs 1 through 32 above as if fully set forth herein.

34.     InvenSense denies the allegations of paragraph 34.

35.     InvenSense denies the allegations of paragraph 35.

36.     InvenSense denies the allegations of paragraph 36.

37.     InvenSense denies the allegations of paragraph 37.

38.     InvenSense denies the allegations of paragraph 38.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,846,690

39.     InvenSense refers to and incorporates its responses to the allegations of paragraphs 1 through 38 above as if fully set forth herein.

40.     InvenSense denies the allegations of paragraph 40.

41.     InvenSense denies the allegations of paragraph 41.

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT CASE NO. CV 12-02475-JSW
sf-3161528

5

42.     InvenSense denies the allegations of paragraph 42.

43.     InvenSense denies the allegations of paragraph 43.

44.     InvenSense denies the allegations of paragraph 44.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,405,592

45.     InvenSense refers to and incorporates its responses to the allegations of paragraphs 1 through 44 above as if fully set forth herein.

46.     InvenSense denies the allegations of paragraph 46.

47.     InvenSense denies the allegations of paragraph 47.

48.     InvenSense denies the allegations of paragraph 48.

49.     InvenSense denies the allegations of paragraph 49.

50.     InvenSense denies the allegations of paragraph 50.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,546,799

51.     InvenSense refers to and incorporates its responses to the allegations of paragraphs 1 through 50 above as if fully set forth herein.

52.     InvenSense denies the allegations of paragraph 52.

53.     InvenSense denies the allegations of paragraph 53.

54.     InvenSense denies the allegations of paragraph 54.

55.     InvenSense denies the allegations of paragraph 55.

56.     InvenSense denies the allegations of paragraph 56.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,928,872

57.     InvenSense refers to and incorporates its responses to the allegations of paragraphs 1 through 56 above as if fully set forth herein.

58.     InvenSense denies the allegations of paragraph 58.

59.     InvenSense denies the allegations of paragraph 59.

60.     InvenSense denies the allegations of paragraph 60.

61.     InvenSense denies the allegations of paragraph 61.

62.     InvenSense denies the allegations of paragraph 62.

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

6

1    **COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,450,332**

2        63.    InvenSense refers to and incorporates its responses to the allegations of paragraphs

3    1 through 62 above as if fully set forth herein.

4        64.    InvenSense denies the allegations of paragraph 64.

5        65.    InvenSense denies the allegations of paragraph 65.

6        66.    InvenSense denies the allegations of paragraph 66.

7        67.    InvenSense denies the allegations of paragraph 67.

8        68.    InvenSense denies the allegations of paragraph 68.

9    **COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 7,409,291**

10       69.    InvenSense refers to and incorporates its responses to the allegations of paragraphs

11   1 through 68 above as if fully set forth herein.

12       70.    InvenSense denies the allegations of paragraph 70.

13       71.    InvenSense denies the allegations of paragraph 71.

14       72.    InvenSense denies the allegations of paragraph 72.

15       73.    InvenSense denies the allegations of paragraph 73.

16       74.    InvenSense denies the allegations of paragraph 74.

17   **COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 5,874,850**

18       75.    InvenSense refers to and incorporates its responses to the allegations of paragraphs

19   1 through 74 above as if fully set forth herein.

20       76.    InvenSense denies the allegations of paragraph 76.

21       77.    InvenSense denies the allegations of paragraph 77.

22       78.    InvenSense denies the allegations of paragraph 78.

23       79.    InvenSense denies the allegations of paragraph 79.

24       80.    InvenSense denies the allegations of paragraph 80.

25   **COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 5,986,861**

26       81.    InvenSense refers to and incorporates its responses to the allegations of paragraphs

27   1 through 80 above as if fully set forth herein.

28       82.    InvenSense denies the allegations of paragraph 82.

83.     InvenSense denies the allegations of paragraph 83.

84.     InvenSense denies the allegations of paragraph 84.

85.     InvenSense denies the allegations of paragraph 85.

86.     InvenSense denies the allegations of paragraph 86.

## AFFIRMATIVE DEFENSES

As its separate affirmative defenses to STI's claims and allegations, InvenSense alleges as follows:

### First Affirmative Defense
### Non-Infringement

1.     InvenSense has not infringed and does not infringe (directly, indirectly, literally or under the doctrine of equivalents) any valid and enforceable claim of the '253, '690, '592, '799, '872, '332, '291, '850, or '861 patents (collectively, "the STI Patents").

### Second Affirmative Defense
### Invalidity

2.     One or more of the claims of the STI Patents are invalid for failure to comply with one or more the provisions of Title 35 of the United States Code, including Sections 101, 102, 103, 112 and/or the doctrine of obviousness-type double patenting.

### Third Affirmative Defense
### Laches

3.     Each of STI's claims against InvenSense is barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense
### Estoppel

4.     Each of STI's claims against InvenSense is barred, in whole or in part, by the defense of estoppel.

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

8

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant InvenSense, Inc. ("InvenSense"), for its Counterclaims against Plaintiff STMicroelectronics, Inc. ("STI"), alleges as follows:

1.      InvenSense is a corporation organized and existing under the laws of Delaware with its principal place of business in Sunnyvale, California.  InvenSense is the leading provider of MotionTracking devices for consumer electronics products such as smartphones, tablets, game controllers, smart TVs, and wearable sensors.

2.      On information and belief, STI is a Delaware corporation with its principal place of business in Coppell, Texas.

3.      InvenSense's counterclaims relate to STI's claims for patent infringement and arise under the patent laws of the United States, Title 35, United States Code.

4.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) and the Declaratory Judgment Act.

5.      Personal jurisdiction and venue are proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) and because STI has already subjected itself to the personal jurisdiction of this Court.

6.      STI has been on notice of one or more of the patents asserted below in Counts Nineteen and Twenty (collectively, the "InvenSense Patents-in-Suit") since at least April 2012. In or around April 2012, InvenSense made presentations to STI demonstrating how certain STI products infringe one or more claims of various InvenSense Patents-in-Suit, including U.S. Patent Nos. 7,290,435 and 7,458,263.  Despite such notice, STI continues to make, use, offer for sale, or sell infringing products, and STI also continues to encourage its customers to use STI products in an infringing manner.

**Count One**
**Declaratory Judgment of Non-Infringement of the '253 Patent**

7.      InvenSense repeats the allegations of paragraphs 1-6 of these Counterclaims as though they were set forth fully herein.

InvenSense, Answer, Affirmative Defenses, and Counterclaims to Complaint for Infringement
Case No. CV 12-02475-JSW
sf-3161528

9

8.      STI alleges in its Complaint in this action that it is the owner of all right, title, and interest in U.S. Patent No. 6,504,253 ("the '253 patent").

9.      STI alleges that InvenSense infringed the '253 patent.

10.      InvenSense has not infringed and does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '253 patent.

11.      As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged infringement of the '253 patent.

12.      InvenSense is entitled to judgment from this Court that the '253 patent is not infringed by InvenSense.

### Count Two
### Declaratory Judgment of Non-Infringement of the '690 Patent

13.      InvenSense repeats the allegations of paragraphs 1-12 of these Counterclaims as though they were set forth fully herein.

14.      STI alleges in its Complaint in this action that it is the owner of all right, title, and interest in U.S. Patent No. 6,846,690 ("the '690 patent").

15.      STI alleges that InvenSense infringed the '690 patent.

16.      InvenSense has not infringed and does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '690 patent.

17.      As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged infringement of the '690 patent.

18.      InvenSense is entitled to judgment from this Court that the '690 patent is not infringed by InvenSense.

### Count Three
### Declaratory Judgment of Non-Infringement of the '592 Patent

19.      InvenSense repeats the allegations of paragraphs 1-18 of these Counterclaims as though they were set forth fully herein.

20.     STI alleges in its Complaint in this action that it is the owner of all right, title, and interest in U.S. Patent No. 6,405,592 ("the '592 patent").

21.     STI alleges that InvenSense infringed the '592 patent.

22.     InvenSense has not infringed and does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '592 patent.

23.     As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged infringement of the '592 patent.

24.     InvenSense is entitled to judgment from this Court that the '592 patent is not infringed by InvenSense.

**Count Four**
**Declaratory Judgment of Non-Infringement of the '799 Patent**

25.     InvenSense repeats the allegations of paragraphs 1-24 of these Counterclaims as though they were set forth fully herein.

26.     STI alleges in its Complaint in this action that it is the owner of all right, title, and interest in U.S. Patent No. 6,546,799 ("the '799 patent").

27.     STI alleges that InvenSense infringed the '799 patent.

28.     InvenSense has not infringed and does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '799 patent.

29.     As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged infringement of the '799 patent.

30.     InvenSense is entitled to judgment from this Court that the '799 patent is not infringed by InvenSense.

**Count Five**
**Declaratory Judgment of Non-Infringement of the '872 Patent**

31.     InvenSense repeats the allegations of paragraphs 1-30 of these Counterclaims as though they were set forth fully herein.

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

11

32.     STI alleges in its Complaint in this action that it is the owner of all right, title, and interest in U.S. Patent No. 6,928,872 ("the '872 patent").

33.     STI alleges that InvenSense infringed the '872 patent.

34.     InvenSense has not infringed and does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '872 patent.

35.     As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged infringement of the '872 patent.

36.     InvenSense is entitled to judgment from this Court that the '872 patent is not infringed by InvenSense.

## Count Six
## Declaratory Judgment of Non-Infringement of the '332 Patent

37.     InvenSense repeats the allegations of paragraphs 1-36 of these Counterclaims as though they were set forth fully herein.

38.     STI alleges in its Complaint in this action that it is the owner of all right, title, and interest in U.S. Patent No. 7,450,332 ("the '332 patent").

39.     STI alleges that InvenSense infringed the '332 patent.

40.     InvenSense has not infringed and does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '332 patent.

41.     As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged infringement of the '332 patent.

42.     InvenSense is entitled to judgment from this Court that the '332 patent is not infringed by InvenSense.

## Count Seven
## Declaratory Judgment of Non-Infringement of the '291 Patent

43.     InvenSense repeats the allegations of paragraphs 1-42 of these Counterclaims as though they were set forth fully herein.

44.      STI alleges in its Complaint in this action that it is the owner of all right, title, and interest in U.S. Patent No. 7,409,291 ("the '291 patent").

45.      STI alleges that InvenSense infringed the '291 patent.

46.      InvenSense has not infringed and does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '291 patent.

47.      As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged infringement of the '291 patent.

48.      InvenSense is entitled to judgment from this Court that the '291 patent is not infringed by InvenSense.

**Count Eight**
**Declaratory Judgment of Non-Infringement of the '850 Patent**

49.      InvenSense repeats the allegations of paragraphs 1-48 of these Counterclaims as though they were set forth fully herein.

50.      STI alleges in its Complaint in this action that it is the owner of all right, title, and interest in U.S. Patent No. 5,874,850 ("the '850 patent").

51.      STI alleges that InvenSense infringed the '850 patent.

52.      InvenSense has not infringed and does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '850 patent.

53.      As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged infringement of the '850 patent.

54.      InvenSense is entitled to judgment from this Court that the '850 patent is not infringed by InvenSense.

**Count Nine**
**Declaratory Judgment of Non-Infringement of the '861 Patent**

55.      InvenSense repeats the allegations of paragraphs 1-54 of these Counterclaims as though they were set forth fully herein.

56.     STI alleges in its Complaint in this action that it is the owner of all right, title, and interest in U.S. Patent No. 5,986,861 ("the '861 patent").

57.     STI alleges that InvenSense infringed the '861 patent.

58.     InvenSense has not infringed and does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '861 patent.

59.     As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged infringement of the '861 patent.

60.     InvenSense is entitled to judgment from this Court that the '861 patent is not infringed by InvenSense.

**Count Ten**
**Declaratory Judgment of Invalidity of the '253 Patent**

61.     InvenSense repeats the allegations of paragraphs 1-60 of these Counterclaims as though they were set forth fully herein.

62.     The '253 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code and/or is unenforceable against InvenSense including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double patenting.

63.     As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged validity and/or enforceability of the '253 patent.

64.     InvenSense is entitled to judgment from this Court that the '253 patent is invalid and/or unenforceable.

**Count Eleven**
**Declaratory Judgment of Invalidity of the '690 Patent**

65.     InvenSense repeats the allegations of paragraphs 1-64 of these Counterclaims as though they were set forth fully herein.

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

14

66.     The '690 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code and/or is unenforceable against InvenSense including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double patenting.

67.     As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged validity and/or enforceability of the '690 patent.

68.     InvenSense is entitled to judgment from this Court that the '690 patent is invalid and/or unenforceable.

## Count Twelve
### Declaratory Judgment of Invalidity of the '592 Patent

69.     InvenSense repeats the allegations of paragraphs 1-68 of these Counterclaims as though they were set forth fully herein.

70.     The '592 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code and/or is unenforceable against InvenSense including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double patenting.

71.     As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged validity and/or enforceability of the '592 patent.

72.     InvenSense is entitled to judgment from this Court that the '592 patent is invalid and/or unenforceable.

## Count Thirteen
### Declaratory Judgment of Invalidity of the '799 Patent

73.     InvenSense repeats the allegations of paragraphs 1-72 of these Counterclaims as though they were set forth fully herein.

74.     The '799 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code and/or is unenforceable against InvenSense including, without

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

15

1    limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double

2    patenting.

3          75.    As a consequence of the foregoing, there exists an actual and justiciable

4    controversy between STI and InvenSense with respect to the alleged validity and/or enforceability

5    of the '799 patent.

6          76.    InvenSense is entitled to judgment from this Court that the '799 patent is invalid

7    and/or unenforceable.

8                                    **Count Fourteen**
                        **Declaratory Judgment of Invalidity of the '872 Patent**
9

10         77.    InvenSense repeats the allegations of paragraphs 1-76 of these Counterclaims as

11   though they were set forth fully herein.

12         78.    The '872 patent is invalid for failure to comply with one or more sections of Title

13   35 of the United States Code and/or is unenforceable against InvenSense including, without

14   limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double

15   patenting.

16         79.    As a consequence of the foregoing, there exists an actual and justiciable

17   controversy between STI and InvenSense with respect to the alleged validity and/or enforceability

18   of the '872 patent.

19         80.    InvenSense is entitled to judgment from this Court that the '872 patent is invalid

20   and/or unenforceable.

21                                    **Count Fifteen**
                        **Declaratory Judgment of Invalidity of the '332 Patent**
22

23         81.    InvenSense repeats the allegations of paragraphs 1-80 of these Counterclaims as

24   though they were set forth fully herein.

25         82.    The '332 patent is invalid for failure to comply with one or more sections of Title

26   35 of the United States Code and/or is unenforceable against InvenSense including, without

27   limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double

28   patenting.

83.     As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged validity and/or enforceability of the '332 patent.

84.     InvenSense is entitled to judgment from this Court that the '332 patent is invalid and/or unenforceable.

### Count Sixteen
### Declaratory Judgment of Invalidity of the '291 Patent

85.     InvenSense repeats the allegations of paragraphs 1-84 of these Counterclaims as though they were set forth fully herein.

86.     The '291 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code and/or is unenforceable against InvenSense including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double patenting.

87.     As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged validity and/or enforceability of the '291 patent.

88.     InvenSense is entitled to judgment from this Court that the '291 patent is invalid and/or unenforceable.

### Count Seventeen
### Declaratory Judgment of Invalidity of the '850 Patent

89.     InvenSense repeats the allegations of paragraphs 1-88 of these Counterclaims as though they were set forth fully herein.

90.     The '850 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code and/or is unenforceable against InvenSense including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double patenting.

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

17

91.     As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged validity and/or enforceability of the '850 patent.

92.     InvenSense is entitled to judgment from this Court that the '850 patent is invalid and/or unenforceable.

**Count Eighteen**
**Declaratory Judgment of Invalidity of the '861 Patent**

93.     InvenSense repeats the allegations of paragraphs 1-92 of these Counterclaims as though they were set forth fully herein.

94.     The '861 patent is invalid for failure to comply with one or more sections of Title 35 of the United States Code and/or is unenforceable against InvenSense including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double patenting.

95.     As a consequence of the foregoing, there exists an actual and justiciable controversy between STI and InvenSense with respect to the alleged validity and/or enforceability of the '861 patent.

96.     InvenSense is entitled to judgment from this Court that the '861 patent is invalid and/or unenforceable.

**Count Nineteen**
**Infringement of U.S. Patent No. 7,290,435**

97.     InvenSense repeats the allegations of paragraphs 1-96 of these Counterclaims as though they were set forth fully herein.

98.     On November 6, 2007, Patent No. 7,290,435 ("the '435 patent"), entitled "Method and Apparatus for Electronic Cancellation of Quadrature Error," was duly and legally issued to InvenSense by the United States Patent and Trademark Office.  InvenSense is the current owner of the entire right, title, and interest in and to the '435 patent.  A true and correct copy of the '435 patent is attached as Exhibit 1 to this Answer.

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

18

99. InvenSense has not licensed or otherwise authorized STI to make, use, offer for sale, sell, or import into the United States any products that embody the inventions of the '435 patent.

100. STI has directly infringed and continues to directly infringe the '435 patent by making, using, offering for sale or selling products including, but not limited to, STI's V654A L3G4200D 3-Axis Gyroscope ASIC, LSM330D iNEMO inertia module, LSM330DL linear sensor module, and LSM330DLC iNEMO inertia module.

101. STI has had actual knowledge of the '435 patent since at least April 10, 2012.

102. STI has indirectly infringed and continues to indirectly infringe the '435 patent by inducing end-users to infringe the '435 patent by using products including, but not limited to, STI's V654A L3G4200D 3-Axis Gyroscope ASIC, LSM330D iNEMO inertia module, LSM330DL linear sensor module, and LSM330DLC iNEMO inertia module. STI intentionally took action that induced end-users to infringe the '435 patent by marketing, selling, and supporting the infringing devices. STI had awareness of the '435 patent and knew, or was willfully blind to the fact, that their actions would cause direct infringement by end-users.

103. STI has indirectly infringed and continues to indirectly infringe the '435 patent by contributing to direct infringement by end-users who use products including, but not limited to, STI's V654A L3G4200D 3-Axis Gyroscope ASIC, LSM330D iNEMO inertia module, LSM330DL linear sensor module, and LSM330DLC iNEMO inertia module. STI supplied an important component of the infringing devices; the component is not a common component suitable for non-infringing use; and STI supplied the component with the knowledge of the '435 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

104. Upon information and belief, STI's infringement of InvenSense's '435 patent has been and will continue to be willful, wanton and deliberate.

105. InvenSense is damaged and irreparably injured by STI's infringing activities and will continue to be so damaged and irreparably injured unless STI's infringing activities are enjoined by this Court.

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

19

106.    STI is thus liable to InvenSense for infringement of the '435 patent pursuant to 35 U.S.C. § 271.

**Count Twenty**
**Infringement of U.S. Patent No. 7,458,263**

107.    InvenSense repeats the allegations of paragraphs 1-106 of these Counterclaims as though they were set forth fully herein.

108.    On December 2, 2008, Patent No. 7,458,263 ("the '263 patent"), entitled "Method of Making an X-Y Axis Dual-Mass Tuning Fork Gyroscope with Vertically Integrated Electronics and Wafer-Scale Hermetic Packaging," was duly and legally issued to InvenSense by the United States Patent and Trademark Office.  InvenSense is the current owner of the entire right, title, and interest in and to the '263 patent.  A true and correct copy of the '263 patent is attached as Exhibit 2 to this Answer.

109.    InvenSense has not licensed or otherwise authorized STI to make, use, offer for sale, sell, or import into the United States any products that embody the inventions of the '263 patent.

110.    STI has directly infringed and continues to directly infringe the '263 patent by making, using, offering for sale or selling products including, but not limited to, STI's V654A L3G4200D 3-Axis Gyroscope ASIC, LSM330D iNEMO inertia module, LSM330DL linear sensor module, and LSM330DLC iNEMO inertia module.

111.    STI has had actual knowledge of the '263 patent since at least April 10, 2012.

112.    STI has indirectly infringed and continues to indirectly infringe the '263 patent by inducing end-users to infringe the '263 patent by using products including, but not limited to, STI's V654A L3G4200D 3-Axis Gyroscope ASIC, LSM330D iNEMO inertia module, LSM330DL linear sensor module, and LSM330DLC iNEMO inertia module.  STI intentionally took action that induced end-users to infringe the '263 patent by marketing, selling, and supporting the infringing devices.  STI had awareness of the '263 patent and knew, or was willfully blind to the fact, that their actions would cause direct infringement by end-users.

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

20

113.    STI has indirectly infringed and continues to indirectly infringe the '263 patent by contributing to direct infringement by end-users who use products including, but not limited to, STI's V654A L3G4200D 3-Axis Gyroscope ASIC, LSM330D iNEMO inertia module, LSM330DL linear sensor module, and LSM330DLC iNEMO inertia module.  STI supplied an important component of the infringing devices; the component is not a common component suitable for non-infringing use; and STI supplied the component with the knowledge of the '263 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

114.    Upon information and belief, STI's infringement of InvenSense's '263 patent has been and will continue to be willful, wanton and deliberate.

115.    InvenSense is damaged and irreparably injured by STI's infringing activities and will continue to be so damaged and irreparably injured unless STI's infringing activities are enjoined by this Court.

116.    STI is thus liable to InvenSense for infringement of the '263 patent pursuant to 35 U.S.C. § 271.

## **PRAYER FOR RELIEF**

WHEREFORE, InvenSense requests that this Court enter judgment:

a)      that STI take nothing against InvenSense by its Complaint in this action;

b)      finding, declaring, and adjudging in favor of InvenSense and against STI, dismissing with prejudice all claims of STI against InvenSense;

c)      finding, declaring, and adjudging that every asserted claim of the STI Patents is invalid and/or unenforceable;

d)      finding, declaring, and adjudging that InvenSense does not infringe any valid and enforceable claim of the STI Patents, either directly or indirectly, literally or under the doctrine of equivalents, nor has it ever done so;

e)      finding this to be an exceptional case under Section 285 of Title 35 of the United States Code, and awarding to InvenSense its costs (including expert witness fees), disbursements

INVENSENSE, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR INFRINGEMENT
CASE NO. CV 12-02475-JSW
sf-3161528

21

1   and reasonable attorneys' fees incurred in this action, pre-judgment interest thereon, and such

2   other relief as may be appropriate;

3       f)      an entry of judgment holding STI liable for infringement of the InvenSense

4   Patents-in-Suit;

5       g)      an order permanently enjoining STI, their officers, agents, servants, employees,

6   attorneys and affiliated companies, their assigns and successors-in-interest, and those persons in

7   active concert or participation with them, from continued acts of infringement of the InvenSense

8   Patents-in-Suit;

9       h)      an order awarding InvenSense damages resulting from STI's infringement of the

10  InvenSense Patents-in-Suit; together with prejudgment and post-judgment interest;

11      i)      trebling of damages under 35 U.S.C. § 284 in view of the willful and deliberate

12  nature of STI's infringement of the InvenSense Patents-in-Suit; and

13      j)      granting such other and further relief as this Court may deem just and proper.

14                                    **JURY DEMAND**

15          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, InvenSense hereby demands

16  a trial by jury of all issues triable of right by a jury in the above-captioned case.

17

18  Dated: July 6, 2012                      RACHEL KREVANS
19                                           RUDY Y. KIM
                                             MORRISON & FOERSTER LLP
20
                                             By:   _/s/ Rudy Y. Kim_____
21                                                 Rudy Y. Kim

22                                           Attorneys for Defendant
                                             INVENSENSE, INC.
23

24

25

26

27

28