[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STMICROELECTRONICS, INC.,<br><br>            Plaintiff,<br><br>      vs.<br><br>INVENSENSE, INC.,<br><br>            Defendant. | Case No. 12-CV-2475 JSW<br><br>**FURTHER AMENDED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    September 14, 2012<br>Time:    1:30 PM<br>Place:   Courtroom 11, 19th Floor<br>Judge:  Hon. Jeffrey S. White |

In accordance with Fed. R. Civ. P. 26(f) and Local Rule 16-9, and pursuant to the Court's order of July 31, 2012 (D.I. 32), Plaintiff and Counter-Defendant STMicroelectronics, Inc. ("ST" or "Plaintiff") and Defendant and Counterclaimant InvenSense, Inc. ("InvenSense" or "Defendant") respectfully submit the following Amended Joint Case Management Statement in preparation for the Initial Case Management Conference currently scheduled on September 14, 2012.  D.I. 18.  Counsel for the parties conducted telephonic conferences on August 22, 2012 and September 7, 2012.  Michael D. Powell and Suong Nguyen, of Quinn Emanuel Urquhart & Sullivan, LLP, participated on behalf of ST.  Rudy Kim and Diana Luo, of Morrison & Foerster LLP, participated on behalf of InvenSense.  The parties filed their initial Joint Case Management Statement on September 9, 2012.  Pursuant to subsequent correspondence and telephonic

1   conferences between their counsel on September 11, 2012, the parties reached further agreement

2   on deposition limits and the proposed case schedule as reflected below.

3       **1.      Jurisdiction & Service**:

4           This Court has jurisdiction over the subject matter of the claims and counterclaims

5   asserted in this litigation, which arise under the patent laws of the United States including 35

6   U.S.C. § 271.  28 U.S.C. §§ 1338(a); 2202.  All parties are subject to the jurisdiction of this

7   Court.  InvenSense has been served with the Complaint and has responded.  ST has been served

8   with InvenSense's Answer and Counterclaims and has responded.

9       **2.      Statement of Facts**

10      **(a)      *STMicroelectronics Statement***:

11          ST, with its parent STMicroelectronics NV, is a global leader in the semiconductor

12  market serving customers across the spectrum of sense and power technologies and multimedia

13  convergence applications.  ST makes a substantial investment in the research and development of

14  inventions and other intellectual property.  One area in which ST has made a substantial and

15  long-term R&D investment is in the field of Micro-Electro-Mechanical Systems (or "MEMS").

16          In this Action, ST alleges that InvenSense infringes U.S. Patent Nos. 6,504,253;

17  6,846,690; 6,546,799; 6,405,592; 7,450,332; 7,409,291; and 5,874,850 (collectively, "the

18  Asserted Patents").  The inventions claimed in the patents, which relate to MEMS technology,

19  were invented, conceived, and reduced to practice by ST employees and agents.  ST is the owner

20  by assignment of all rights, title, and interest in the Asserted Patents, including the right to bring

21  this suit for injunctive relief and damages.

22          InvenSense has infringed and continues to infringe, has contributed to and continues to

23  contribute to acts of infringement, and/or has actively and knowingly induced and continues to

24  actively and knowingly induce the infringement of the Asserted Patents by making, using,

25  offering for sale and selling in the United States, and by importing into the United States without

26  authority, and/or by causing others to make, use, offer for sale and sell in the United States, and

27  import into the United States without authority, MEMS products and services, including (1)

28

1  MPU (MotionProcessingUnits); (2) IMU (Inertial Measurement Units); (3) Digital Gyroscopes;

2  and (4) Analog Gyroscopes.  To date, InvenSense claims to have sold over 110 million units of

3  MEMS products.  On information and belief, these products practice at least one claim of the

4  Asserted Patents.

5       InvenSense is and has been on notice of one or more of the Asserted Patents and its

6  infringement thereof since at least February 2012.  The parties commenced licensing

7  negotiations in or around December 2011.  In February 2012, ST specifically identified

8  particular patents that InvenSense was infringing and presented those patents to InvenSense.

9       ST seeks monetary damages and injunctive relief for the past and on-going injuries

10 caused by InvenSense's infringement.  ST is harmed by InvenSense's use of its patented

11 technologies in a way that cannot be compensated for by monetary damages alone.

12      In addition, ST denies all allegations that it infringes any claim of either: U.S. Patent No.

13 7,290,435 or U.S. Patent No. 7,458,263 ("Counterclaim Patents").  ST also contends that the

14 Counterclaim Patents are invalid.  The parties therefore dispute whether the claims of the

15 Counterclaim Patents are valid and infringed.

16     **(b)**  *InvenSense's Statement*:

17      InvenSense is a leading provider of MotionTracking devices for consumer electronics

18 products such as smartphones, tablets, game controllers, smart TVs, and wearable sensors.

19 InvenSense's Motion Tracking devices incorporate InvenSense's own proprietary MEMS

20 technology.  InvenSense denies all allegations that it infringes any claims of the Asserted

21 Patents.  InvenSense also contends that one or more claims of the Asserted Patents are invalid

22 and/or unenforceable.  InvenSense also asserts that ST's claims are barred, in whole or in part,

23 by the doctrine of estoppel and/or laches.

24      In addition, InvenSense alleges that ST directly and indirectly infringes U.S. Patent Nos.

25 7,290,435 and 7,458,263, of which ST has had knowledge since at least April 10, 2012.  ST's

26 infringing products include, but are not limited to, ST's V654A L3G4200D 3-Axis Gyroscope

27 ASIC, LSM330D iNEMO inertia module, LSM330DL linear sensor module, and LSM330DLC

28

iNEMO inertia module.  InvenSense seeks monetary damages and injunctive relief for the past and on-going injuries caused by ST's infringement.

### 3.     Legal Issues:

**(a)**     *ST's Statement*:

ST contends that InvenSense directly and indirectly infringes the claims of the Asserted Patents.  ST denies that it has infringed, directly or indirectly, any claim of the Counterclaim Patents.  ST further contends that the Counterclaim Patents are invalid and/or unenforceable.  ST further contends that InvenSense's infringement counter-claims are barred, in whole or in part, by the doctrine of laches and/or estoppel.

**(b)**     *InvenSense's Statement*:

InvenSense contends that ST directly and indirectly infringes the claims of the Counterclaim Patents.  InvenSense denies that it has infringed, directly or indirectly, any claim of the Asserted Patents.  InvenSense further contends that the Asserted Patents are invalid and/or unenforceable.  InvenSense further contends that ST's infringement claims are barred, in whole or in part, by the doctrine of laches and/or estoppel.

### 3.1     Disputed Points of Law

The parties dispute at least the following legal issues:

a.  The meaning and scope of the asserted claims of the Asserted Patents and Counterclaim Patents.

b.  Whether InvenSense directly infringes any claim of the Asserted Patents.

c.  Whether InvenSense has induced or contributed to the infringement of any of the asserted claims of the Asserted Patents.

d.  Whether the claims of the Asserted Patents are valid and enforceable.

e.  Whether ST directly infringes any claim of the Counterclaim Patents.

f.  Whether ST has induced or contributed to the infringement of any of the asserted claims of the Counterclaim Patents.

g.  Whether the claims of the Counterclaim Patents valid and enforceable.

h.   Whether this case constitutes an exceptional case under 35 U.S.C. § 285.

i.   Whether and what monetary damages, injunctive relief, or other remedies are appropriate.

**4.    Motions**

The parties anticipate that summary judgment motions will be filed at least on the issues of infringement, validity, and/or enforceability.

InvenSense further anticipates seeking a partial motion to stay proceedings pending the *ex parte* reexamination of U.S. Patent Nos. 6,504,253 (the "'253 Patent"), 6,846,690 (the "'690 Patent"), 6,405,592 (the "'592 Patent"), 6,546,799 (the "'799 Patent"), 6,928,872 (the "'872 Patent"), 7,450,332 (the "'332 Patent"), and 7,409,291 (the "'291 Patent").  InvenSense filed requests for *ex parte* reexamination of the '253, '592, and '291 patents on September 11, and filed requests for *ex parte* reexamination of the '690, '799, '872 and '332 patents on September 12. These requests are based on prior art references that were not before the United States Patent and Trademark Office ("PTO") during their original examination.

**5.    Amendment of Pleadings**

The parties do not anticipate any amendments at the present time.

**6.    Evidence Preservation**

The parties confirm that they have taken steps to preserve evidence related to the issues presented by the action, including but not limited to electronically stored information.

**7.    Disclosures**

The parties have agreed to exchange initial disclosures on September 28, 2012, and each party reserves its right to amend such disclosures as discovery progresses.

**8.    Discovery**:

Depositions (Amended)

ST shall be limited to a total of 120 hours for taking depositions of fact witnesses, including 30(b)(6) depositions and InvenSense shall be limited to a total of 150 hours for taking deposition of fact witnesses, including 30(b)(6) depositions.  Depositions of third parties and

1   experts shall not count towards the parties' respective 120 and 150-hour limits. The parties

2   should otherwise abide by applicable time limits imposed under the Federal Rules.  To the extent

3   a single individual is to be deposed in both a percipient capacity and as a corporate designee, the

4   seven-hour time limit shall still apply.  The parties reserve the right to request additional time for

5   any particular witness for good cause.

6            Interrogatories

7            The parties agree to the 25-interrogatory limit per party pursuant to Rule 33(a)(1) with

8   the understanding that interrogatory subparts, whether numbered or not, that are logically or

9   factually subsumed within and necessarily related to the primary question are counted as one

10  interrogatory.   Interrogatories directed to (1) multiple patents and (2) multiple accused products

11  shall not be treated as separate and discrete interrogatories.  The parties reserve the right to

12  request additional interrogatories for good cause.

13           Documents:

14           The parties agree that they will meet and confer in good faith regarding search terms and

15  electronically stored information. Discovery shall be on a rolling basis. The confidentiality of

16  discovery materials, pursuant to Patent L.R. 2-2 is governed by the authorized Northern District

17  of California Protective Order for Patent Cases in the absence of a stipulated protective order.

18           The parties agree to produce electronically stored information in TIFF with Optical

19  Character Recognition (OCR) with appropriate load files that contain all available metadata, or

20  as an alternative, in agreed cases, (for example, where it would be unmanageable or impractical

21  to handle documents in TIFF format, such as with voluminous spreadsheets) as native files.

22           Expert Discovery

23           With reference to expert reports and discovery, the parties agree that final expert reports

24  and materials identified by the experts as relied upon by the experts in their reports are

25  discoverable.  (If an expert indicates in deposition that he relied upon a document or source not

26  otherwise specified in the final report, that information is discoverable. This will facilitate full

27  disclosure from the experts.)  Attorney communications to and from any retained expert or

28

1   consultant, draft reports and notes of any retained expert or consultant relating to communication

2   to or from attorneys are specifically not discoverable and do not need to be logged in a privilege

3   log.  Further, attorney communications with any retained expert or consultant in preparation for

4   the expert's or consultant's deposition or trial testimony are likewise not discoverable.

5       Privilege Logs

6       The parties agree that privileged communications and work product created after the

7   filing of this lawsuit will not be logged on a privilege log, unless good cause requires the logging

8   of specifically identified documents or categories of documents. The parties will meet and confer

9   in good faith to determine whether good cause exists that requires the logging of certain

10  documents dated after the filing of this lawsuit.

11      Other than the above agreements, the limitations on discovery imposed by the Federal

12  Rules of Civil Procedure shall apply, absent a stipulation by the parties and the Court's approval.

13  **9.    Class Action**

14  This is not a class action.

15  **10.    Related Cases**

16  As of the date of filing, the parties are not aware of any related cases.

17  **11.    Relief:**

18  **(a)    *ST's Statement*:**

19  ST is seeking the following relief:  (1) entry of judgment of in favor of ST and against

20  InvenSense of direct and indirect infringement of the Asserted Patents and a finding that the

21  Asserted Patents are valid and enforceable; (2) an award of damages sufficient to compensate ST

22  for its injuries caused by InvenSense's infringement; (3) pre- and post-judgment interest; (4)

23  injunctive relief including a permanent injunction enjoining InvenSense's further infringement of

24  the Asserted Patents (or, in the alternative, ongoing royalties); (5) a finding that this case is

25  exceptional and an award of ST's attorneys fees and costs as provided by 35 U.S.C. § 285; (6)

26  entry of judgment in favor of ST on InvenSense's counterclaims and a finding that InvenSense's

27

28

1    Counterclaim Patents are invalid and/or unenforceable; and (7) any other relief as the Court

2    deems proper.

3         ST expressly reserves the right to amend its pleadings to add further affirmative defenses,

4    counterclaims, asserted patents, or other claims as discovery proceeds and such amendments

5    become appropriate under the law, statute, or other good cause.  ST further reserves all rights to

6    seek any and all forms of post-verdict, supplemental and/or post-judgment damages, including

7    further damages arising from or relating to the Court's ruling on the entry of an injunction, the

8    entry of an amended judgment or the resolution of any appeal.

9         **(b)**    ***InvenSense's Statement***:

10        InvenSense is seeking the following relief:  (1) entry of judgment that ST take nothing

11   against InvenSense by its Complaint in this action; (2)  a finding, declaration and judgment in

12   favor of InvenSense and against ST, dismissing with prejudice all claims of ST against

13   InvenSense; (3) a finding, declaration and judgment that every asserted claim of ST's Asserted

14   Patents is invalid and/or unenforceable; (4) a finding, declaration and judgment that InvenSense

15   does not infringe and has not infringed any valid and enforceable claim of ST's Asserted Patents,

16   either directly or indirectly, literally or under the doctrine of equivalents; (4) a finding that this

17   case is exceptional and an award of InvenSense's attorneys fees, disbursements and costs

18   (including expert witness fees) as provided by 35 U.S.C. § 285, including pre-judgment interest

19   thereon and such other relief as may be appropriate; (5) entry of judgment in favor of InvenSense

20   holding ST liable for infringement of InvenSense's Counterclaim Patents; (6) an order

21   permanently enjoining ST, their officers, agents, servants, employees, attorneys and affiliated

22   companies, their assigns and successors-in-interest, and those persons in active concert or

23   participation with them, from continued acts of infringement of InvenSense's Counterclaim

24   Patents; (7) an order awarding InvenSense damages resulting from ST's infringement of

25   InvenSense's Counterclaim Patents, together with pre-judgment and post-judgment interest; (8)

26   trebling of damages under 35 U.S.C. § 284 in view of the willful and deliberate nature of ST's

27

28

infringement of InvenSense's Counterclaim Patents; and (9) any other relief as the Court deems just and proper.

InvenSense expressly reserves the right to amend its pleadings to add further affirmative defenses, counterclaims, asserted patents, or other claims as discovery proceeds and such amendments become appropriate under the law, statute, or other good cause.  InvenSense further reserves all rights to seek any and all forms of post-verdict, supplemental and/or post-judgment damages, including further damages arising from or relating to the Court's ruling on the entry of an injunction, the entry of an amended judgment or the resolution of any appeal.

**12.     Settlement and ADR:**

The parties have met and conferred regarding ADR and have agreed to participate in private mediation no later than 60 days following issuance of a Claim Construction Order.

**13.     Consent to a Magistrate for All Purposes**

The parties do not consent to proceed before a Magistrate Judge.

**14.     Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing Issues**

The parties have not identified any particular issues that may be narrowed at this time, either by stipulation or Motion.  However, the parties will continue to meet and confer in an effort to identify reasonable issues that may be narrowed in this litigation as discovery progresses and the case develops.

**16.     Expedited Scheduling**

The parties do not believe that this case is appropriate for expedited scheduling.

**17.     Scheduling** (Amended)

The parties propose the following proposed pretrial and trial schedule, in view of the Court's Standing Order for Patent Cases limiting the number of claim terms for construction to

no more than ten terms.  To the extent more than ten terms are at issue, the parties will meet and
confer regarding any scheduling issues.

| EVENT | Parties'  Proposed Dates |
|---|---|
| Joint Case Management Statement Due | September 7, 2012 |
| Initial Case Management Conference | September 14, 2012 |
| Rule 26 Initial Disclosures | September 28, 2012 |
| Disclosure of Asserted Claims and Infringement Contentions and accompanying document production (by ST for Asserted Patents and InvenSense for Counterclaim Patents) [Pat. L.R. 3-1-3.2] | October 19, 2012 |
| Invalidity contentions and accompanying production (by ST for Counterclaim Patents and InvenSense for Asserted Patents) [Pat. L.R. 3-3-3.4] | December 3, 2012 |
| Exchange of Proposed Terms for Construction  (for Asserted Patents and Counterclaim Patents) [Pat. L.R. 4-1] | December 17, 2012 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (for Asserted Patents and Counterclaim Patents) [Pat. L.R. 4-2] | January 16, 2013 |
| File Joint Claim Construction and Prehearing Statement (for Asserted Patents and Counterclaim patents) [Pat. L.R. 4-3] | February 13, 2013 |
| Deadline for completing claim construction discovery [Pat. L.R. 4-4] | March 15, 2013 |
| Opening claim construction briefs due (from ST for Asserted Patents and InvenSense for Counterclaim Patents) [Pat. L.R. 4-5(a)] | April 1, 2013 |
| Oppositions to claim construction briefs due (from ST for Counterclaim Patents and InvenSense for Asserted Patents) [Pat. L.R. 4-5(b)] | April 29, 2013 |
| Reply briefs in support of claim constructions due (from ST for Asserted Patents and InvenSense for Counterclaim Patents) [Pat. L.R. 4-5(c)] | May 7, 2013 |
| Technical Tutorial (on Asserted Patents | [1-2 weeks prior to the claim construction |

| and Counterclaim Patents) | hearing.  Standing Order ¶ 7.] |
| Claim construction Hearing (on Asserted Patents and Counterclaim Patents) [Pat. L.R. 4-6] | [Approx. 2 weeks after Reply briefs are submitted.  L.R. 4.6.] |

**18.**    **Trial**

Both parties have requested that this case be tried to a jury.  The parties request that the Court set a further case management conference for 30 days after issuance of a Claim Construction Order, at which time the parties will submit a proposal regarding length of trial and ask the Court to set a trial date.

**19.**    **Interested Parties**

The parties have identified all interested parties.

**20.**    **Other Matters**

The parties also discussed the topics set forth in Pat. Local Rule 2-1(a).  They have agreed as follows:

Modifications To Obligations and Deadlines Set by The Patent Local Rules

At this time, the parties do not anticipate relying upon expert witnesses for claim construction purposes. However, the parties reserve the right to rely upon experts, in which case each party will disclose whether it intends to use a claim construction expert witness, and will provide an expert report, in accordance with the deadlines provided in Local P.R. 4-2 and 4-3, and proposes that claim construction discovery (including any expert witness depositions) close in accordance with the deadline provided in Local P.R. 4-4.  In the event that a party discloses an expert witness pursuant to P.R. 4-2, then the other party may designate a rebuttal expert witness by the deadline provided in Local Rule P.R. 4-3.

Claim Construction Hearing

The parties anticipate that each side will require no more than 2 hours to argue their claim construction positions (for a total of no more than 4 hours of argument by counsel).  ST will

present its argument first, followed by InvenSense.  The parties do not currently anticipate the need for expert testimony to be presented at the hearing.

Technical Tutorial

The parties propose to present the Court with a tutorial on the technology at issue before the claim construction hearing.  The parties propose that the technical tutorial should not exceed sixty (60) minutes per side.  ST's and InvenSense's respective experts will present the technical tutorial, with opening remarks and a brief summation following the experts' presentations provided by the parties' counsel.

Service of Process

The parties agree that service of discovery requests and responses, and any other documents to be served on a party by another party, may be made by electronic mail.  Service by email constitutes personal service.  The date of service shall be determined by the email transmission date.

DATED: September 13, 2012

Respectfully submitted,

RACHEL KREVANS (CA SBN 116421)
RKrevans@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

VINAY JOSHI (CA SBN 213487)
vjoshi@thepatentattorneys.com
Turocy & Watson, LLP
560 S. Winchester Blvd # 500
San Jose, California  95128-2500
Telephone: 408.893.1512
Facsimile: 216.696.8731


By:  __/Rudy Y. Kim/_____
        Rudy Y. Kim
        Attorneys for INVENSENSE, INC.

DATED: September 13, 2012

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Michelle A. Clark (Bar No. 243777)
michelleclark@quinnemanuel.com
Lance Yang (Admitted *Pro Hac Vice*)
lanceyang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:      (415) 875-6600
Facsimile:      (415) 875-6700

Michael Powell (Bar No. 202850)
michaelpowell@quinnemanuel.com
Suong T. Nguyen (Bar No. 237557)
suongnguyen@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

Thomas D. Pease (Admitted *Pro Hac Vice*)
thomaspease@quinnemanuel.com
Carlos A. Rodriguez (Admitted *Pro Hac Vice*)
carlosrodrigeuz@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:      (212) 849-7000
Facsimile:      (212) 849-7100


By: ___/Sean Pak/_____
     Sean Pak

Attorneys for STMICROELECTRONICS, INC.

1

**DECLARATION OF CONSENT**

2          Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under

3  penalty of perjury that concurrence in the filing of this document has been obtained from Sean

4  Pak, Counsel for STMicroelectronics, Inc.

5  Dated:   September 13, 2012

6                                      By: __/s/ Rudy Y. Kim_____
                                            Rudy Y. Kim
7
8                                      MORRISON & FOERSTER LLP

9                                      Attorneys for INVENSENSE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28